UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD G., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, <br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 24 CV 1409 <br><br> Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gerald G. appeals the Commissioner of Social Security's decision denying his application for benefits. For the following reasons, plaintiff's motion to reverse and remand [17][1] is denied, defendant's motion for summary judgment [20] is granted, and the decision denying the application for benefits is affirmed.

**Background**

On September 12, 2019, plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits. [15-1] 150. On January 18, 2022, plaintiff filed a Title XVI application for supplemental security income, which was escalated to the hearing level. [*Id.*] 150, 174. Both applications alleged disability beginning March 14, 2018. [*Id.*] Plaintiff's claims were denied initially on September 17, 2020, and upon reconsideration on July 3, 2021. [*Id.*] Plaintiff requested a hearing, which was held on November 29, 2021 before an administrative law judge (ALJ). [*Id.*] 60–91, 150. On July 6, 2022, the ALJ issued an unfavorable decision finding plaintiff not disabled from March 14, 2018 through the date of the decision. [*Id.*] 150–64. On February 6, 2023, the Appeals Council granted plaintiff's request for review, vacated the hearing decision, and remanded the case to the ALJ. [*Id.*] 172, 174–76. In a letter dated June 29, 2023, plaintiff amended his alleged onset date to July 1, 2022. [*Id.*] 15, 375. The ALJ held a second hearing on July 6, 2023. [*Id.*] 15, 32–56. On August 7, 2023, the ALJ issued an unfavorable decision finding plaintiff not disabled from July 1, 2022 through the date of the decision. [*Id.*] 15–24.

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [15], which refer to the page numbers in the bottom right corner of each page.

In the August 7, 2023 decision, the ALJ reviewed plaintiff's disability claim in accordance with the Social Security Administration's five-step, sequential evaluation process. *Fetting v. Kijakazi*, 62 F.4th 332, 336 (7th Cir. 2023); *Apke v. Saul*, 817 F. App'x 252, 255 (7th Cir. 2020); 20 C.F.R. § 404.1520. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since July 1, 2022. At step two, the ALJ found that plaintiff has the following medically determinable impairments: migraine headaches, obesity, hypertension, presbyopia, cataracts, mild osteoarthritis of the right shoulder and left hand, psychotic disorder, and depressive disorder. However, the ALJ found that plaintiff does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months and concluded that plaintiff does not have a severe impairment or combination of impairments. In assessing the four areas of functioning that make up the paragraph B criteria, the ALJ found that plaintiff had no limitations. Accordingly, the ALJ found that plaintiff was not under a disability from July 1, 2022, the amended alleged onset date, through the date of the decision.

The Appeals Council denied review on January 25, 2024, [15-1] 1, rendering the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.955 & 404.981; *Gedatus v. Saul*, 994 F.3d 893, 898 (7th Cir. 2021). Plaintiff timely appealed to this Court [1], and the Court has subject-matter jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g).[2]

## Legal Standard

Courts "apply a very deferential standard of review to the ALJ's decision." *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022) (citation and internal quotations omitted). In its "extremely limited" role, *id.*, the Court must "ensur[e] that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024) (citing *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018)). "A reviewing court 'will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it.'" *Chavez v. O'Malley*, 96 F.4th 1016, 1021 (7th Cir. 2024) (alteration in original) (quoting *Gedatus*, 994 F.3d at 900). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and h[er] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (quoting *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021)).

---

[2] The parties have consented to the exercise of jurisdiction in this case by a United States Magistrate Judge [10].

**Discussion**

Plaintiff argues that the ALJ failed to comply with the remand order from the Appeals Council because the ALJ erred in her evaluation of the severity of plaintiff's mental impairments and provided an "unsupportable rationale" for her assessment using the special technique described in 20 CFR 404.1520a and 416.920a. [17] 3–4. Specifically, plaintiff argues that the ALJ's finding that plaintiff has no limitation in interacting with others because plaintiff "did not testify to any limitations in interacting with others" was based on an inaccurate assessment of testimony evidence. [*Id.*] 4 (quoting [15-1] 22). Plaintiff also argues that because the ALJ erred in her step two analysis, plaintiff was deprived of an RFC determination and evaluations at steps three, four, and five that could have altered the outcome of the case. [*Id.*] 8–9.

In the agency's five-step, sequential evaluation process, step two asks "whether the claimant has a severe impairment" or "a combination of impairments that is severe and meets the duration requirement." *Fetting*, 62 F.4th at 336 (quoting *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000)); 20 C.F.R. § 404.1520(a)(4)(ii). "A negative conclusion at any step (except for step three) precludes a finding of disability." *Jilian H. v. Kijakazi*, No. 20-cv-06489, 2022 WL 4554451, at *3 (N.D. Ill. Sept. 29, 2022) (quoting *Young v. Sec'y of Health & Hum. Servs.*, 957 F.2d 386, 389 (7th Cir. 1992)). In other words, "[i]f the claimant does not have a severe impairment, then the ALJ must find that the claimant is not disabled and the inquiry ends." *Young v. Barnhart*, 362 F.3d 995, 1000 n.1 (7th Cir. 2004). *See Clifford*, 227 F.3d at 868 ("A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled."); *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012) ("Deciding whether impairments are severe at Step 2 is a threshold issue only; an ALJ must continue on to the remaining steps of the evaluation process as long as there exists even *one* severe impairment.") (emphasis in original). "The burden of proof is on the claimant for the first four steps" and the burden then shifts to the agency at step five. *Fetting*, 62 F.4th at 336–37 (citations omitted).

In its February 6, 2023 remand order, the Appeals Council (in relevant part) stated that the ALJ's July 2022 decision did "not contain sufficient rationale to support its assessment of the medical severity of the claimant's mental impairments using the special technique described in 20 CFR 404.1520a and 416.920a." [15-1] 175. The Appeals Council noted that under the special technique, "consideration should be given to relevant evidence in determining the degree to which medically determinable mental impairments affect the four areas of mental functioning." [*Id.*] (citing 20 CFR 404.1520a(c)(1), 416.920a(c)(1)). The Appeals Council found that the rationale provided in the ALJ's July 2022 decision was "not consistent with the ratings themselves or with the evidence of record." [*Id.*] In using the "special technique," the regulations state that ALJs "first evaluate [a claimant's] pertinent

3

symptoms, signs, and laboratory findings to determine whether [the individual has] a medically determinable mental impairment(s)." 20 CFR 404.1520a(b)(1). Second, ALJs must "rate the degree of functional limitation resulting from the impairment(s)" using the paragraph B criteria and rating the degree of an individual's functional limitation in four broad categories: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. 20 CFR 404.1520a(b)(2), (c)(3); 20 C.F.R. Part 404, Subpart P, Appendix 1, 12.00E. *See also Pepper v. Colvin*, 712 F.3d 351, 365 (7th Cir. 2013) (explaining the steps that make up the "special technique").

Here, the ALJ's August 2023 decision found that plaintiff's psychotic disorder and depressive disorder were medically determinable impairments. [15-1] 18. The ALJ then concluded that all of plaintiff's impairments (physical and mental) were non-severe impairments because "the impairments alone or in combination do not significantly limit (or is [sic] expected to significantly limit) the claimant's ability to perform basic work-related activities for 12 consecutive months." [*Id.*] 19. In specifically assessing the severity of plaintiff's mental impairments, the ALJ provided the following evaluation:

> As for his mental impairments of psychotic disorder and depression, the records do not support severe impairments. The claimant did not have treatment until March 2021. Prior to that, the claimant reported a psychiatric history but he had been off medication for years. Since the original alleged onset date, he did request a behavioral health referral a few times, including due to stress after being laid off from his job (Ex. 12F/7). However, his primary care providers at Family Christian and Aunt Martha's repeatedly noted normal mental status findings (Ex. 12F; 13F; 14F; 23F) as did his other providers during his emergency room visits for non-mental health issues (Ex. 16F; 24F).
>
> He had initial psychological evaluation in March 2021, complaining of anxiety, depression, poor sleep, and some auditory hallucinations (Ex. 13F/53). He was started on Aripiprazole. He had two follow up visits in May 2021 that noted he had partial improvement, and at that time his Aripiprazole was increased, and then in July 2021, his psychiatrist appreciated that the claimant had significant improvement (Ex. 14F/33-37; 13F/42-53 23F/89-93). The claimant's auditory hallucinations had resolved with medications, and his mental status examinations consistently noted he was friendly and cooperative, with intact memory and normal attention and concentration, and just with some abnormalities of mood. Overall the records indicated limited treatment consisting of medication management that resulted in improvement. His only mental health treatment was March 2021 to July 2021 – a year before his amended alleged onset date. He has had no mental health

4

>treatment or complaints since the last visit and he did not mention any psychiatric issues at the recent hearing.

[*Id.*] 21. The ALJ continued and specifically considered the paragraph B criteria, finding that plaintiff had no limitations in any of the four areas of functioning. [*Id.*] 21–22. The ALJ concluded that because plaintiff's medically determinable mental impairments caused "no more than 'mild' limitation in any of the functional areas <u>and</u> the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, it is non-severe." [*Id.*] 22 (emphasis in original). *See* 20 CFR § 404.1520a(d)(1) ("If we rate the degrees of your limitation as 'none' or 'mild,' we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities.").

Much of plaintiff's opening brief consists of quoting the standards and case law. The only specific error that plaintiff identifies in the ALJ's analysis of the paragraph B criteria is that the ALJ based her assessment of "no limitation" in interacting with others on a finding that plaintiff "did not testify to any limitations in interacting with others." [17] 5 (quoting [15-1] 22). Plaintiff argues that this is an inaccurate assessment of the testimony evidence and therefore cannot support the ALJ's finding of no limitation. [*Id.*] 5, 7. Specifically, plaintiff points to the following hearing testimony:

>ALJ: Besides your kids, do you socialize with anybody else?
>
>CLMT: No, I don't want to be bothered with nobody else. Can't trust nobody, no. No, ma'am.

[*Id.*] (quoting [15-1] 83–84). However, this exchange occurred during the November 2021 hearing. During the second hearing held in July 2023 after the Appeals Council remanded, plaintiff did not testify to any social difficulties or problems interacting with others, and the ALJ's observation is therefore accurate. *See* [15-1] 32–56. Plaintiff also faults the ALJ for failing to "question Plaintiff further on his testimony regarding his 'socialization' with others" and the effects his limitation has on daily functioning, arguing that the ALJ did not fully develop the record. [17] 6. In his reply brief, plaintiff further asserts that "[w]ith such ambiguity as to the extent of Plaintiff's medical conditions," the ALJ had the duty to ask questions about the specific impairments the Appeals Council ordered the ALJ to consider in its remand order. [22] 2–3. Plaintiff is correct that an "ALJ in a benefits hearing 'has a duty to develop a full and fair record.'" *Bertaud v. O'Malley*, 88 F.4th 1242, 1244 (7th Cir. 2023) (quoting *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009)). "The burden, however, is on the claimant to prove that the impairment is severe." *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010) (citation omitted). "Under agency regulations, the claimant has the principal duty to submit evidence relating to the disability claim."

5

*Bertaud*, 88 F.4th at 1244. *See* 20 C.F.R. § 404.1512(a)(1) ("You must inform us about or submit all evidence known to you that relates to whether or not you are . . . disabled . . . . This duty applies at each level of the administrative review process . . . . We will consider only impairment(s) you say you have or about which we receive evidence."). "The ALJ's duty is supplemental." *Bertaud*, 88 F.4th at 1244 (citing 20 C.F.R. § 404.1512(b)(1)). And where there is "enough evidence before the ALJ to support [her] conclusion, the ALJ did not err by failing to develop the record further." *Id.* at 1245 (citing *Flener ex rel. Flener v. Barnhart*, 361 F.3d 442, 448 (7th Cir. 2004)). As noted above, the ALJ supported her conclusions that plaintiff's mental impairments were not severe and that plaintiff had no limitation in interacting with others with substantial evidence, and plaintiff does not raise any argument as to the ALJ's consideration of the rest of the record evidence.

Plaintiff dismisses as "false" defendant's argument that plaintiff was represented at the hearing and thus presented his best case to the ALJ, [22] 2, but this is a legitimate observation. An ALJ's duty to develop the record is higher when a claimant is *not* represented by counsel and when a claimant *is* represented by counsel, the ALJ "is entitled to assume that the applicant is making his strongest case for benefits." *Bertaud*, 88 F.4th at 1245 (quoting *Ray v. Bowen*, 843 F.2d 998, 1006 (7th Cir. 1988)). *See also Creasy v. Barnhart*, 30 F. App'x 620, 624 (7th Cir. 2002); *Joseph M. v. Saul*, No. 18 C 5182, 2019 WL 6918281, at *8 (N.D. Ill. Dec. 19, 2019) (noting that if it was necessary for questions directing the plaintiff to include testimony on certain issues, "his attorney at the hearing could have asked these questions" and that because the plaintiff was represented, "the ALJ could assume that, by his testimony," the plaintiff was making his strongest case for benefits). At the 2023 hearing,[3] plaintiff's attorney confirmed that the record file was complete and did not highlight particular issues with interacting with others during his brief opening statement,[4] questioning of plaintiff, or questioning of the vocational expert. [15-1] 37, 39, 46–51, 53–54. And "regardless of whether the claimant is represented by counsel, the reviewing court defers to the ALJ on the question of how much

---

[3] Plaintiff was also represented at the 2021 hearing and his attorney did not ask plaintiff any questions about his ability to interact with others or otherwise highlight social issues. [15-1] 84–86. Nor did plaintiff's 2021 representative brief mention any such issues. [*Id.*] 475–76. And plaintiff's function report did not identify any difficulties, reporting that he does not have any problems getting along with family, friends, neighbors, or others, stating that he gets along with authority figures "good," and indicating that he has never been fired or laid off from a job because of problems getting along with people. [*Id.*] 402–03. *See also* [*id.*] 419, 422–23 (third party function report from plaintiff's sister).

[4] The Court notes that plaintiff's attorney did refer to plaintiff's "anxiety and some major depression" and stated that "by that definition, the individual symptoms cause . . . fear from social obligation or other important areas of function, which would be found at the severe . . . impairment." [15-1] 38. However, this appears to refer to the definitions of anxiety and major depression in general terms and does not identify any social issues that plaintiff specifically had or that limited his functioning. *See Leonard C. v. Saul*, No. 20 C 3426, 2022 WL 1266434, at *2 (N.D. Ill. Apr. 28, 2022) ("Socially isolative behavior, low energy, and fatigue may be symptoms of depression, but plaintiff does not point to any evidence that shows whether, or the extent to which, these symptoms limit him in any of the function areas.").

evidence must be gathered." *Bertaud*, 88 F.4th at 1245 (citing *Nelms*, 553 F.3d at 1098).

Furthermore, the ALJ's evaluation of plaintiff's limitations in interacting with others was not limited to this reason. The ALJ also observed that plaintiff's daughter helps him with laundry and buys groceries and that plaintiff's "medical providers consistently found him to be cooperative and friendly with normal mood." [15-1] 22 (citing [15-2] 1121, 1126; [15-2] 1198–99, 1203, 1217). Plaintiff's brief does not raise any issues with these findings, nor identify any record evidence that the ALJ failed to consider. Again, it is plaintiff's burden to develop his arguments and identify legal errors or record evidence that the ALJ ignored for this Court's review.[5] Arguments that are not raised in an opening brief, as well as "perfunctory and undeveloped" arguments, are considered waived. *Martin v. Kijakazi*, 2022 WL 1681656, at *3 (7th Cir. May 26, 2022); *Wonsey v. City of Chicago*, 940 F.3d 394, 398 (7th Cir. 2019); *Krell v. Saul*, 931 F.3d 582, 586 n.1 (7th Cir. 2019); *Hall v. Berryhill*, 906 F.3d 640, 644 (7th Cir. 2018); *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016); *Brown v. Colvin*, 661 F. App'x 894, 895 (7th Cir. 2016). Based on this record, the Court finds that plaintiff has not identified any legal error requiring remand.

## Conclusion

For the foregoing reasons, plaintiff's motion to reverse and remand [17] is denied, defendant's motion for summary judgment [20] is granted, and the decision denying the application for benefits is affirmed.

*Heather K. McShain*

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: September 22, 2025**

---

[5] *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021) ("But it is not enough 'to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.'") (quoting *Bank of Am., N.A. v. Veluchamy*, 643 F.3d 185, 190 (7th Cir. 2011)); *Kate J. v. Kijakazi*, No. 21-cv-50334, 2022 WL 3290718, at *3 (N.D. Ill. Aug. 11, 2022) (noting that "the burden is on Plaintiff, not the Court, to develop her argument and provide evidence to support her claims"); *Vertex Refining, NV, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 374 F.Supp.3d 754, 765 (N.D. Ill. 2019) (stating that it "is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel") (quoting *Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1996)); *Vincent A. v. Berryhill*, No. 16 C 7136, 2019 WL 2085104, at *12 (N.D. Ill. May 13, 2019).